IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN WU, DMD | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 14-cv-03902 |
| JULIE ROBIN AROUH, DMD, PC, et al | : | |
| Defendants. | : | |

## MEMORANDUM OF LAW

Before me are the parties' cross-motions for summary judgment. As outlined in the accompanying Order, Defendant's motion for summary judgment (Doc. No. 30) will be granted as to Plaintiff's claims of fraudulent misrepresentation and defamation, and denied as to Defendant's crossclaim for breach of contract. I will deny Plaintiff's motion for summary judgment (Doc. No. 35) in its entirety. The legal basis for my rulings is set forth below.

### A.   Defendants' Motion for Summary Judgment

Defendants have moved for summary judgment as to two counts of Plaintiff's complaint and as to one count of their own crossclaim. (Doc. No. 30). Plaintiff has moved for summary judgment as to all of Defendants' crossclaims. (Doc. No. 35). As described below, I will grant Defendants' motion as to Plaintiff's claims of fraudulent misrepresentation and defamation (Doc. No. 12, unnumbered Counts III and IV), and I will deny the motion as to Defendants' counterclaim for breach of contract relating to health insurance premiums (Doc. No. 13, Count III). I will deny Plaintiff's motion in its entirety.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper where the "pleadings, depositions, answers to interrogatories, and admissions on

file, together with the affidavits, if any, show that there is no general issue as to any material fact. . . ." As the United States Supreme Court observed in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Id.* At 322.

### 1. Fraudulent Misrepresentation

Defendants have moved for summary judgment with regard to unnumbered Count III of the amended complaint (Doc No. 12) alleging fraudulent misrepresentation. Under Pennsylvania law, there are six elements to a claim of fraudulent misrepresentation:

> "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance."

*Bouriez v. Carnegie Mellon Univ.*, 585 F.3d 765, 771 (3d Cir. 2009) (quoting *Overall v. Univ. of Pa.,* 412 F.3d 492, 498 (3d Cir.2005), and *Gibbs v. Ernst,* 538 Pa. 193, 647 A.2d 882, 889 (1994)). Defendants contend that Plaintiff can establish neither that a materially false representation was made, nor justifiable reliance on the misrepresentation. With regard to a misrepresentation, the communication upon which this claim is founded is a text message from Defendant Julie Arouh to Plaintiff. The message reads in its entirety: "I will keep you and Doug on the health insurance for the month of April if you want me too." (Doc. No. 30, Ex. A). Plaintiff did not respond to the text message. (Wu Depo. At 27-28). Rather than a fraudulent misrepresentation, the

text message is an offer made by Dr. Arouh that never was accepted by Dr. Wu. There is no misrepresentation contained within the text.

Plaintiff also fails to establish the element of justifiable reliance. In her deposition, Plaintiff claimed to have learned by telephone from her insurance company on March 31, 2014 that her health insurance had been cancelled. (Wu Depo. At 43). In light of that knowledge, she would not have been justified in relying solely upon an offer to continue her insurance, extended via text message, which she never responded to, as confirmation that she remained insured. Plaintiff argues that she was "nervous during her deposition" and "misspoke" regarding the March 31, 2014 call with her insurance company. (Doc. No. 33, at unnumbered p. 3). Plaintiff claims that she first learned of the cancellation of her insurance when she received a letter from Independence Blue Cross on May 27, 2014. *Id.* However, no affidavit or other evidence has been submitted by Plaintiff to support the otherwise bald assertion in her pleadings that she was "nervous during her deposition" and "misspoke." The May 27, 2014 letter from the insurance company, standing alone, does not advance Plaintiff's claim. I will grant the Defendants' motion as to this claim. Plaintiff has failed to establish the existence of the essential elements of her claim.

### 2. Defamation

Defendants also have moved for summary judgment with regard to unnumbered count IV of the amended complaint alleging defamation. To state a claim for defamation under Pennsylvania law, Plaintiff must establish following elements:

(1) The defamatory character of the communication.
(2) Its publication by the defendant.
(3) Its application to the plaintiff.
(4) The understanding by the recipient of its defamatory meaning.

>   (5) The understanding by the recipient of it as intended to be applied to the plaintiff.
>   (6) Special harm resulting to the plaintiff from its publication.
>   (7) Abuse of a conditionally privileged occasion.

42 Pa. Cons. Stat. Ann. § 8343. Defendants contend that Plaintiff cannot present admissible evidence to show that a defamatory communication took place.

Plaintiff has come forward with no evidence to support her claim. Her pleadings contain allegations regarding third parties who allegedly heard defamatory statements about Plaintiff uttered by Defendant Julie Arouh. However, there is neither deposition testimony, nor affidavits from any of these third parties. Indeed, at oral argument, Plaintiff's counsel conceded that depositions had failed to be scheduled while the discovery period was open because of fighting and a general inability to communicate between Plaintiff's counsel and Defense counsel. Because Plaintiff has come forward with no evidence to support the elements necessary to establish a claim of defamation, I will grant summary judgment as to this count of the complaint. *See Celotex*, 477 U.S. at 327 (emphasis added) ("Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact . . . *but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule . . .that the claims and defenses have no factual basis.*").

### 3. Counterclaim For Breach of Contract

Finally, Defendants seek summary judgment on their counterclaim for breach of contract relating to insurance premiums (Doc. No. 13) I will deny this claim without prejudice, as Defendants have failed to come forward with *admissible* evidence in support of this claim. Defendants have produced evidence that they argue supports their counterclaim. (*See* Doc. No. 30, Ex.'s D, E, F, G). Nonetheless, that evidence consists of

business records which have not been authenticated and for which no foundation has been laid to support their admission as an exception to the hearsay rule. *See, e.g.* Fed. R. Evid. 803(6) ("Records of a Regularly Conducted Activity"). I will deny Defendants' motion for summary judgment as to this counterclaim. Prior to trial, should Defendants be able to come forward with admissible evidence as to this claim, they are free to re-file their motion as to this claim.

      B.      **<u>Plaintiffs' Motion for Summary Judgment</u>**

Plaintiff filed a cross-motion for summary judgment on May 15, 2015, well after the April 13, 2015 deadline established by the Court. (Doc. No. 25 (establishing deadline) and Doc. No. 35 (Plaintiff's motion)). On May 21, 2015, Plaintiff was directed to file no later than May 28, 2015, a motion for leave to file a summary judgment motion *nunc pro tunc.* (Doc. No. 37). Plaintiff was to explain why she should be permitted to file the motion well after the established deadline. On May 28, 2015, Plaintiff filed the requested motion. (Doc. No. 38). Within that motion, Plaintiff advances no reasonable explanation for missing the established deadline. Plaintiff refers to the Rule 16 conference and a recollection of a discussion of possibly resetting deadlines, cites the parties inability "to communicate through no fault of plaintiff", and opines that "[n]ormally your honor would have issued an order following the Rule 16 conference memorializing the deadlines of all requisite motions." (Doc. 38 at unnumbered page 3).

Neither an inability to communicate with opposing counsel due to acrimony between the parties, nor a mistaken assumption that the Court would issue an order memorializing deadlines when an order memorializing deadlines already existed (*see* Doc. No. 25), provide a basis for excusing the late filing of the motion for summary judgment. Moreover, even if I considered the motion, Plaintiff would not prevail.

Plaintiff has failed to support her assertions with citation to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials. . . ." Fed. R. Civ. P. 56(c). Such evidentiary support is a prerequisite to granting summary judgment. "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *See Celotex*, 477 U.S. at 323. Plaintiff has failed to meet this burden. I will deny Plaintiff's motion for summary judgment.

                        **BY THE COURT:**

                        *s/Richard A. Lloret*
                        **RICHARD A. LLORET**
                        **UNITED STATES MAGISTRATE JUDGE**