IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN WU, DMD | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 14-cv-03902 |
| JULIE ROBIN AROUH, DMD, PC, et al | : | |
|     Defendants. | : | |

## **MEMORANDUM OF LAW**

Before me is Defendant Julie Arouh's renewed motion for summary judgment with regard to Count III of her counterclaim (breach of contract). (Doc. No. 54.) By order dated July 29, 2015 (Doc. No. 50), I denied Arouh's initial motion for summary judgment (Doc. No. 30) without prejudice to refile because the evidence put forward by Arouh in support of the motion was not authenticated and therefore not admissible evidence. Arouh has renewed her motion, this time attaching an affidavit purporting to authenticate the evidence as regularly kept business records. *See* Fed. R. Evid. 803(6)(b). Plaintiff Kathleen Wu, in her opposition to the renewed motion, raises an issue of fact regarding the validity of the authentication. *See* Doc. No. 56 at unnumbered page 5 ("The key issue . . . . is the general state of disarray of Dr. Arouh's business records").

"Once a prima facie case [of a document's authenticity] is made, the evidence goes to the jury and it is the jury who will ultimately determine the authenticity of the evidence, not the court." *United States v. Goichman*, 547 F.2d 778, 784 (3d Cir. 1976). Here, Arouh has made a prima facie showing of authenticity. Wu has come forward with evidence, in the form of the deposition testimony of Arouh, that raises a factual issue as

to the reliability of Arouh's recordkeeping and as to the authentication of her business records. This is a material factual dispute that must be decided by the jury.

While not raised by either party, an additional material factual dispute exists with regard to Count III of the counterclaims. The crux of Arouh's counterclaim regarding the health insurance is that Wu breached her employment contract by failing to pay the portion of her health insurance premiums that her employment contract required her to pay. *See* Doc. No. 30, Ex. C ( . . . "Wu will be responsible for contributing half of the premium as a payroll deduction, or be responsible for her own health care insurance."). Wu's insurance premiums were paid as automatic payroll deductions from her paycheck. *See* Doc. No. 30, Ex.'s C, E, G.  There is no evidence before me as to who was responsible for determining the amount of the payroll deduction or ensuring that the correct amount was deducted from Wu's paycheck every month. Generally, the employer and the payroll service would be responsible for those ministerial functions. Insofar as that is the case here, the contract does not speak to the appropriate remedy when the failure to pay the correct amount is occasioned by the employer failing to make the correct payroll deduction or ensuring that the correct amount is being deducted from the paycheck. This presents a second material factual dispute with regard to Count III of the counterclaims.

Because material factual disputes remain with regard to Count III of Arouh's counterclaims, I will deny the motion for partial summary judgment.

BY THE COURT:

*s/Richard A. Lloret*
HON. RICHARD A. LLORET
U.S. Magistrate Judge
