IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN WU, DMD | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 14-cv-03902 |
| JULIE ROBIN AROUH, DMD, PC, et al | : | |
| Defendants. | : | |

## MEMORANDUM OF LAW

Before me are Plaintiff Kathleen Wu's ("Dr. Wu") request for attorney's fees and supporting memorandum of law (Doc. Nos. 98 and 98-1), Defendants Julie Robin Arouh, DMD, PC and Julie Robin Arouh Fried's (collectively "Dr. Arouh") response in opposition (Doc. No. 103), Dr. Wu's reply in further support (Doc. No. 104), and Dr. Arouh's sur-reply (Doc. No. 110). After a trial and an award of damages under the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 Pa. Stat. Ann. §§ 260.5 et seq. (1992), Dr. Wu seeks the award of $57,045 in attorney's fees and $3,865.46 in costs. 43 Pa. Stat. Ann. § 260.9a(f). The WPCL provides that attorney's fees "shall" be awarded to the prevailing party. *Id.*; *see Signora v. Liberty Travel, Inc.*, 886 A.2d 284, 292 (Pa. Super. 2005) ("An award of attorneys' fees to a prevailing plaintiff is mandatory under the WPCL, but the trial court has discretion with respect to determining the appropriate amount of the fee award.") Dr. Arouh argues that Dr. Wu has failed to establish the time her attorney reasonably spent on the WPCL claim, failed to establish the market billing rate for her attorneys, and improperly seeks costs that are not recoverable. (Doc. No. 103). Dr. Wu is entitled to attorney's fees under the WPCL, although not in the amount that she requests.

## DISCUSSION

The WPCL provides for the award of attorney's fees to a prevailing party. Specifically, the WPCL states that the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow costs for reasonable attorneys' fees of any nature to be paid by the defendant." 43 Pa. Stat. Ann. § 260.9a(f). This provision has been interpreted to provide for the mandatory payment of attorneys' fees related to the WPCL claim, as well as the fees from any other claims or counterclaims that flow from a common set of facts. *See Signora,* 886 A.2d at 292; *Ambrose v. Citizens Nat'l Bank of Evans City*, 5 A.3d 413, 421 (Pa. Super. 2010). Courts have found the attorneys' fee provision to be integral to carrying out the legislative purpose of the WPCL. *See, e.g. Oberneder v. Link Computer Corp.*, 674 A.2d 720, 722 (Pa. Super. 2010) (noting that mandatory award of fees to a prevailing WPCL plaintiff "goes to the very 'essence' of [the WPCL's] goal of making the employee whole again[,]" and of ensuring their entire award is not used to pay attorney fees); *Voracek v. Crown Castle, USA Inc.*, 907 A.2d 1105, 1109 (Pa. Super. 2006) (WPCL mandates award of attorneys' fees to ensure prevailing plaintiff is made whole again).

While noting that the WPCL does not describe how a court should go about determining a reasonable attorneys' fee award, the Pennsylvania Superior Court has looked to the factors articulated in 41 P.S. § 503 to guide that determination . *See Ambrose*, 5 A.3d at 416 and n.1. Section 503 provides in pertinent part that:

> In determining the amount of the fee, the court may consider:
>
> (1) The time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the case [;] (2) The customary charges of the members of the bar for similar services [;] (3) The amount involved in the controversy and

> the benefits resulting to the client or clients from the services [;] (4) The contingency or the certainty of compensation.

*Id.* (quoting 41 P.S. § 503). With regard to costs, "[b]ecause recovery of costs other than attorneys' fees are not a matter of substantive state law . . . recovery of costs other than attorneys' fees are governed . . . by Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920." *Regier v. Rhone-Poulenc Rorer, Inc.*, No. 93-cv-4821, 1995 WL 395948, at *9 (E.D. Pa. June 30, 1995).

With this framework in mind, I turn to Dr. Wu's fee petition. Dr. Wu has requested that I award $57,045 in attorneys' fees, (Doc. No. 104, at Ex. C, p. 8), and has presented evidence to support her claim as to the hours worked and the billing rates of the attorneys. (Doc. No. 104, Exhibits A –F). *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (party seeking attorney's fees has burden to come forward with evidence "supporting the hours worked and rates claimed"). Dr. Arouh, consistent with her burden, has challenged the reasonableness of the requested fee. *See Bell v. United Princeton Properties, Inc.*, 884 F.2d 713 (3d Cir. 1989). "Once the adverse party raises objections to the fee request, the district court has a great deal of discretion to adjust the fee award in light of those objections." *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir. 1990). I will address Dr. Arouh's objections below in the context of determining the proper award of attorneys' fees.

### A. Dr. Wu has come forward with evidence to support her request for attorneys' fees.

Dr. Arouh argues that Dr. Wu has failed to carry her burden to come forward with evidence in support of her request for attorneys' fees. Specifically, Dr. Arouh contends that Dr. Wu has failed to come forward with contemporaneously recorded time sheets, and that the information she has provided is so lacking in necessary detail that the

"deficiencies prevent any meaningful analysis by the Court or by Defendants who are thereby left without any opportunity to state specific objections." (Doc. No. 103, at 3). Notwithstanding this argument, Dr. Arouh has made a number of specific objections to the evidence submitted by Dr. Wu. (*See, e.g., id.* at 3-6). While Dr. Arouh's points are well taken as to lack of detail that one might hope for in legal billing records, I find that Dr. Wu's submissions are sufficient to allow me to craft an attorneys' fee award. Additionally, with regard to Dr. Arouh's ability to make specific objections, I find that the objections that have been raised by Dr. Arouh are sufficiently specific to be useful to me in crafting the attorneys' fee award. Dr. Arouh's broad argument that Dr. Wu failed to meet her burden of presenting evidence to support the award of attorneys' fees is without merit.

### B. Determination of amount of attorneys' fees to be awarded to Dr. Wu.

To determine the amount of attorneys' fees appropriately due to Dr. Wu, I must first determine which portions of the litigation are factually intertwined with the WPCL claim, and the number of hours reasonably expended on those portions of the litigation. *See* 41 P.S. § 503; *see also Rode*, 892 F.3d at 1183. Dr. Wu's WPCL claim (Doc. No. 12, unnumbered Count II) and her breach of contract claim (Doc. No. 12, unnumbered Count I) are sufficiently factually intertwined that work related to either claim should be covered by the fee award. Similarly, Dr. Wu's successful defense of four counterclaims also should be covered by the fee award. *See Ambrose*, 5 A.3d at 421 ("[T]o the extent that WPCL claimants overcome an employer's counterclaims, the statute supports an award of attorneys' fees regardless of the nature of those counterclaims.") Because of the lack of detail in the fee request submitted by Dr. Wu, I have erred on the side of

including only those charges that clearly relate to unnumbered Counts I and II of the amended complaint or the defense of counterclaims.  (*See* Doc. No. 12).

Based upon my review of the billing statement, (Doc. No. 104, Ex. C), Dr. Wu's attorneys contend that they spent $21,450 on work that I find to be related to unnumbered Counts I and II of the amended complaint. I agree with Dr. Arouh's objection that fees related to the defamation claim and the summary judgment motion are not compensable, and those fees are not reflected in the $21,450 figure above. While there is some merit to Dr. Arouh's assertion that the two components of Dr. Wu's WPCL claim – one related to failure to provide adequate notice of termination, and the other relating to not being paid all of the fees due to her – are "completely distinct, both legally and factually[,]"(Doc. No. 103 at 4), I find that the $21,450 figure nonetheless represents a reasonable attorneys' fee for the amount of work one would anticipate here for the claims relating to the failure to provide the required 60-days' notice prior to termination. Accordingly, I have not further adjusted the award pursuant to that objection.

This case was tried without a jury over two days. The issues in this case were neither novel, nor complex. Discovery, motions practice, and trial preparation in this matter were likewise routine and non-complex, and should not have demanded a tremendous amount of attorney time. Dr. Wu's attorney, Doug Grannan, billed at a rate of $350 per hour, and attorney Seungbeom Kim billed at a rate of $250 per hour. Dr. Wu has submitted the verification of Walter Weir, Jr., Esquire and the affidavit of Jack Meyerson in support of the reasonableness of those billing rate. (Doc. No. 98, Ex. 5 (Weir); Doc. No. 100 (Meyerson)). I find the billing rates to be reasonable for attorneys with commensurate experience, in this geographic region, trying this type of case. As Dr.

Wu prevailed upon her WPCL claim, I find that she did receive a benefit based upon the services of her attorneys. Accordingly, I find that $21,450 is a reasonable amount to award for attorneys' fees.

Dr. Arouh has argued that I should further discount the fee award because Dr. Wu's husband served as her attorney. In support of this, Dr. Arouh cites *Cohen v. American Credit Bureau, Inc.*, 2012 WL 847429, *12-13 (D.N.J. 2012). *Cohen*, legal authority by which I am not bound by in any event, is not persuasive. The case involved the Fair Debt Collection Practices Act ("FDCPA"), and a husband representing his wife alleging FDCPA violations related to the collection of a $150 debt. The husband/attorney acknowledged that he filed the lawsuit in an attempt to "make law." *Id.* at *2. In determining whether to award attorneys' fees, the fact that the plaintiff's husband was her lawyer was one of seven factors that influenced the court's decision to substantially discount the award of fees. *Id.* at *6. Other factors included the attorney's threat/strategy to bring successive lawsuits with the court characterized as "border[ing] on bad faith[,]" and the fact that the plaintiff failed to succeed on her claim for actual damages. *Id.* The court ultimately awarded damages at a substantially discounted rate. I do not find *Cohen* to be relevant or persuasive.

An award of attorneys' fees to the prevailing plaintiff in a WPCL case is mandatory. *Signora,* 886 A.2d at 292. I find that an award of $21,450 in attorneys' fees reflects the amount of attorney time reasonably spent on pressing the WPCL and related breach of contract claims in this case. It also represents a significant discount of the amount requested, $57,045, based the objections of Dr. Arouh with which I agreed. With regard to costs, I find that Dr. Wu should be awarded $1,732.75. This figure reflects the cost of the Wu deposition transcript, the Bisaquino subpoena, and the trial

transcript. Such an award is consistent with Rule 54 of the Federal Rules of Civil Procedure, and 28 U.S.C. 1920. *See Reiger,* 1995 WL 395948, at *9-10. Dr. Wu is entitled to a total award of $23,182.75 in attorneys' fees and costs.

BY THE COURT:

  *s/Richard A. Lloret*
RICHARD A. LLORET
U.S. Magistrate Judge

Dated: June 7, 2016